GENERAL ELECTRIC CO. v. CITY OF DUNKIRK et al.

(Circuit Court of Appeals, Second Circuit. January 13, 1914.)

No. 124.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—STEAM TURBINE.

The Emmet patent, No. 924,546, for improvements in steam turbines, held not anticipated, valid, and infringed.

Appeal from the District Court of the United States for the Western District of New York.

This cause comes here upon appeal from a decree of the District Court, Western District of New York, granting injunction and accounting in a suit for infringement of a patent. The patent is number 924,546 issued June 8, 1909, to W L. R. Emmet for improvements in turbines. The opinion of Judge Hazel which very fully sets forth the facts will be found in 211 Fed. 658.

Thomas F. Sheridan and George L. Wilkinson, both of Chicago, Ill. (Edwards, Sager & Wooster, of New York City, and Sheridan, Wilkinson & Scott, of Chicago, Ill., on the brief), for appellants.

Dyer, Dyer & Taylor, of New York City (Richard N. Dyer and John Robert Taylor, both of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The specifications very simply and clearly describe the mechanical change which the patentee made in the structure which he undertook to improve. For a covering ring, composed of a single integral piece of metal, shrunk on and fastened in place by screws attaching it to the buckets, he substituted a ring made in sections and fastened to the buckets by tenons cut out of the solid metal of each bucket and riveted over through holes in the ring. If the specifications were to be taken as disclosing the whole situation, the conclusion would follow that the mere substitution of a riveted tenon for a screw was such an elementary mechanical device that it involved no patentable invention to make the change. But the testimony throws a flood of light upon the situation which confronted Emmet, and, as it seems to us persuades convincingly to a different conclusion. The rotors in these turbines revolve at enormous speed—6 to 8 miles a minute at the periphery. The centrifugal stresses and other torsional—so-called cyclonic—stresses presented a problem, for the solution of which the mere fact that steam propellers had rings riveted to their blades would, by no means, be a sufficient suggestion. The best effort to meet the problem, before Emmet entered the field, was a continuous shrunk on ring. Its continuity was the feature which commended it; the screws which fastened it to the blades, or to a few of them—every tenth blade usually—added little to its rigidity. It was unsuccessful; in the demonstration and experimental machines involving the other improvements which Curtis brought into the art, it was an element of unsafety. How should that difficulty be eliminated? No one can read the testimony of the various engineers who were en-

---

gaged in the effort to make the Curtis type of machine a success, without realizing that the answer to this question was not apparent to the man "skilled in the art," however familiar he might be with the various ordinary mechanical devices for attaching a ring to spokes. The answers suggested were—make the ring stronger, make it heavier, make it—as Junggren suggested—of a better grade of steel, make it without a welded joint. Evidently all were so impressed with the necessity of sticking to the continuous ring, with the resisting power which its integrity possessed, that it was manifestly a new departure to cut it apart, to make it lighter, and to impose it as an additional load on the buckets, instead of trying to relieve the buckets by making it carry itself. The evidence clearly indicates to us that it was a meritorious invention.

We fully concur with Judge Hazel, and do not think it necessary to add anything to his discussion of the other points in the case.

I vote to affirm.

Decree affirmed, with costs.